UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SUNWARD ELECTRONICS, INC.,

                                                                                  Plaintiff,

-against-

                                                      Case No. 03-CV-0345

KEITH L. MCDONALD, ROBERT D. MCDONALD and
DOG GUARD OUT-OF-SITE FENCING, INC.

                                                                    Defendants.

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
MAR 24 2003
LAWRENCE K. BAERMAN, CLERK
ALBANY

# MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

Plaintiff Sunward Electronics, Inc., manufactures and distributes a line of pet containment systems under the trademarks DOG GUARD and OUT OF SIGHT FENCING. The defendants, Keith L. McDonald, Robert D. McDonald and Dog Guard Out-Of-Site Fencing, Inc., were the DOG GUARD dealer in Birmingham, Alabama. Defendants became a DOG GUARD dealer in 1995. Despite a long and mutually beneficial relationship, things eventually soured and defendants began selling dog fences manufactured by one of plaintiff's competitors. In so doing, defendants violated the exclusive dealership agreement with plaintiff. The exclusive dealership agreement includes a non-competition clause. It also contains non-solicitation and trademark restriction provisions that are being violated by defendants. In addition to the breach of contract issues, this action involves false designation of origin and unfair competition under the Lanham Act, common law trademark infringement, common law unfair competition, injury to business reputation and dilution, tortious interference, and cyber piracy.

In the absence of injunctive relief, the plaintiff will continue to be harmed by defendants actions. There is no adequate remedy at law. Monetary damages are difficult to calculate and will not make plaintiff whole for the damage done to its name, its relationship with other dealers and its relationship with current and potential customers.

## ARGUMENT

### I. PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF UNDER THE LANHAM ACT

As the Supreme Court noted, "the Lanham Act was intended to make 'actionable the deceptive and misleading use of marks' and 'to protect persons engaged in...commerce against unfair competition.'" Two Pesos, Inc., v. Taco Cabana, Inc., 505 U.S. 763, 767-768 (1992) (citations omitted). Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides a civil remedy for false designations of origin or goods and false descriptions. It provides in relevant part:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

Injunctive relief is available for violations of Section 43(a), 15 U.S.C. § 1125(a). *See, e.g.*, Church of Scientology International v. Elmira Mission of the Church of Scientology, 794 F.2d 38 (2d Cir. 1986) (trial court erred in denying preliminary injunction where terminated franchisee continued to use franchisor's trademarks); Villanova University v. Villanova Alumni Educational Foundation, Inc., 123 F.Supp.2d 293 (E.D.Pa. 2000) (former licensee of unregistered marks enjoined).

The Second Circuit has held that:

> A preliminary injunction should be granted where the moving party demonstrates (1) irreparable harm and (2) either (a) a probability of success on the merits or (b) sufficiently serious questions going to the merits to make them fair grounds for litigation and a balance of hardships tipping decidedly in the moving party's favor.

Church of Scientology International v. Elmira Mission of the Church of Scientology, 794 F.2d 38, 41 (2d Cir. 1986) (citations omitted).

The application of this rule in trademark cases is slightly different. "For many years we have held that a preliminary injunction should usually issue when the use of a mark creates a likelihood of confusion in the consumers' minds as to the ownership or sponsorship of a product." Id. Confusion leads to irreparable harm. It also serves as additional evidence of moving party's likelihood of success on the merits. Since the present case involves a former licensee, there is an even greater need for injunctive relief. "In a licensor/licensee case the reasons for issuing a preliminary injunction for trademark infringement are more compelling than in the ordinary case. When in the licensing context unlawful use and consumer confusion have been demonstrated, a finding of irreparable harm is automatic." Id. at 42. They are far more compelling. "A licensor's plea for injunctive relief is stronger than the ordinary trademark plaintiff's and—because

3

of the necessity of licensor control—irreparable harm *always* flows from unlawful use and confusion." Id. at 43.

### A. DOG GUARD AND OUT OF SIGHT FENCING ARE TRADEMARKS OF PLAINTIFF

Plaintiff developed and uses the marks DOG GUARD and OUT OF SIGHT FENCING in connection with its pet containment system. An example of the mark is annexed to the Affidavit of William F. Drew as Exhibit A. It includes a stylized drawing of a Collie looking right from the letter "O" in dog. A trademark is defined in 15 U.S.C. § 1127 as " any word, name, symbol, or device, or any combination thereof (1) used by a person, or (2) which a person has a bona fide intention to use in commerce and applies to register on the principal register established by this chapter, to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." There are five general types of trademarks and three of the five are generally entitled to protection.

> Marks are often classified in categories of generally increasing distinctiveness; following the classic formulation set out by Judge Friendly, they may be (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful.... The latter three categories of marks, because their intrinsic nature serves to identify a
>
> particular source of a product, are deemed inherently distinctive and are entitled to protection.

Two Pesos, Inc., v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992) (citations omitted).

Plaintiff's marks are not merely generic or descriptive.[1] They are both suggestive and fanciful.

---

[1] Even if plaintiff's marks were descriptive, they are still entitled to protection because they have become distinctive of plaintiff's goods in commerce. They have acquired a secondary meaning.

4

### C. A PRELIMINARY INJUNCTION IS IN THE PUBLIC INTEREST

While it is clear that unauthorized use of a trademark by a former licensee provides firm ground for a preliminary injunction, the Second Circuit gave a public interest rationale as well that deserves mention.

> The public interest is especially served by issuing a preliminary injunction against a former licensee as the licensee's status increases the probability of consumer confusion. A licensee or franchisee who once possessed authorization to use the trademarks of its licensor or franchisor becomes associated in the public's mind with the trademark holder. When such party, as defendants here, loses its authorization yet continues to use the mark, the potential for consumer confusion is greater than in the case of a random infringer. Consumers have already associated some significant source identification with the licensor. In this way the use of a mark by a former licensee confuse and defrauds the public.

Church of Scientology International v. Elmira Mission of the Church of Scientology, 794 F.2d 38, 44 (2d Cir. 1986) (citations omitted).

### D. SUCCESS ON THE MERITS IS LIKELY

Plaintiff created and owns the marks DOG GUARD and OUT OF SIGHT FENCING. Defendants are using those marks without authorization. They are violating Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). As discussed above, success on the merits in such a case is virtually automatic.

## II. PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF UNDER STATE LAW

For the same reasons set forth above in connection with the Lanham Act, plaintiff is also entitled to injunctive relief under state law. Section 360-$l$ of New York's General Business Law provides:

> Likelihood of injury to business reputation or dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition,

6

notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

N.Y. Gen. Bus. Law § 360-*l*.

Defendants' use of the marks DOG GUARD and OUT OF SIGHT FENCING is confusing the public, injuring plaintiff's business reputations and diluting the quality of those marks. Plaintiff is being irreparably harmed and is entitled to injunctive relief pending a final hearing of the action.

## CONCLUSION

For the foregoing reasons, the named Plaintiff requests that this Court issue the preliminary injunction enjoining defendants from (1) using the marks DOG GUARD or OUT OF SIGHT FENCING, or any other colorable imitation thereof in connection with the sale of dog fence products and related products and (2) engaging in unfair competition or false designation of origin with the plaintiff.

Dated:     Albany, New York
           March 20, 2003

                                        COOPER ERVING & SAVAGE LLP
                                        39 North Pearl Street
                                        Albany, New York 12207-2797
                                        (518) 449-3900

                                   By:  _____
                                        Phillip G. Steck
                                        Bar Role No. 102664
                                        James W. Hulme
                                        Bar Role No. 601957

20918